ALBERT SAUER, Appellant, v. ROBERT NEHLS, Executor of the Estate of Henry Sauer, Deceased, *et al.*

Reformation of Instruments: PROOF. Equity will not reform
1    notes and mortgages, absolute on their face, unless the proof of fraud or mistake is clear and satisfactory.

Cancellation of Instruments: AGREEMENT: PROOF. Equity will
2    enforce an agreement to cancel notes and mortgages after the death of the mortgagee, but the evidence of such an agreement must be clear and convincing.

Transaction With Deceased: EVIDENCE. In an action to reform
3    and cancel a mortgage given by a son to his father, brought after the death of the father, the son is an incompetent witness to an agreement that he should only be required to pay interest during the father's life, and upon his death the same should be cancelled.

*Appeal from Buchanan District Court.*—HON. A. S. BLAIR, Judge.

SATURDAY, OCTOBER 10, 1903.

THE plaintiff is the son of Henry Sauer, deceased. He alleges that in 1900 his father advised him to purchase a farm adjoining land then owned and occupied by the plaintiff, and promised that, if he would do so, he would advance him $2,000 of the purchase price, upon which the plaintiff should pay him interest at the rate of six per cent. per annum during his life, and that nothing further should ever be demanded thereon. The plaintiff bor ght the land, and at the time of the purchase his father furnished him $1,800 of the purchase price, and the plaintiff and his wife executed and delivered to him three notes of $600 each, and a mortgage on the land so bought, securing said notes. The notes were executed the 23d of June, 1900, are in the usual form, and promised to pay abso-

lutely the sums for which they were given in six, seven, and eight years after date. The mortgage is also in the usual form, and without special conditions. On the 30th day of July, 1900, the plaintiff executed and delivered to his father another note of $75, due in twelve months, with the same rate of interest. This action is in equity, asking the reformation of the notes and mortgage, and that they be cancelled and held for naught. There was a trial, and a judgment dismissing the plaintiff's action. He appeals. —*Affirmed.*

*H. W. Holman* for appellant.

*E. E. Hasner* and *Ransier & Everett* for appellees.

SHERWIN, J.—There is no serious conflict between counsel as to the law applicable to this case, and, if the contract alleged were proven with that degree of certainty required in cases of this kind, the plaintiff would undoubtedly be entitled to the relief asked. The notes and the mortgage are absolute in form, and are presumed to contain the whole agreement between the parties; hence parol evidence, though admissible in equity for the purpose of ascertaining the true agreement, must afford clear and convincing proof of an agreement other than that expressed in the writing. A written agreement can only be reformed upon clear and satisfactory evidence of fraud or mistake, and the record before us is wholly insufficient to warrant a finding that the notes and the mortgage were not executed precisely as it was understood and agreed they should be, and the trial court was clearly right in refusing to reform them. This is conceded by the appellant in his reply argument, where he says that he makes no claim that the notes were to be written differently.

1. REFORMATION of instruments: proof.

Though the notes may not be reformed, it is undoubtedly true that, if the agreement claimed were actually

made, and thereunder the notes and the mortgage were to

2. CANCELLA-
TION of in-
struments:
proof.

be cancelled upon the death of the father, equity would carry out such an agreement. But, to warrant the cancellation of the written agreement of a party, the evidence upon which it is done must be as clear and satisfactory to the mind of the chancellor, as must that upon which a reformation of a contract is based. The plaintiff was not a competent wit-

3. TRANSACTION
with deceased
evidence.

ness as to the agreement with his father, and the testimony upon which he rests his case consists of statements made by the deceased, long before the purchase of the farm by the plaintiff, that he was going to give the plaintiff $2,000 to buy it with, and that all that the plaintiff would have to do would be to pay interest thereon as long as the deceased lived, and that he would "make it all straight when he died." After the money was furnished the plaintiff, the deceased stated that he would cancel the note "after he is dead." The entire evidence satisfies us that there was no gift or advancement to the plaintiff of the money so furnished to him, but that his father may have contemplated providing therefor in his will, reserving the absolute right to do so or not. He had at different times deeded valuable lands to his several sons, and in his will he provided for his several daughters.

We reach the conclusion that the plaintiff's proof does not sustain his claim, and the judgment is AFFIRMED.